IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BERNARD KIRK BARNES<br>(Rockwall County Jail No. 00136015),<br><br>Petitioner,<br><br>V.<br><br>HAROLD EAVENSON, ET AL.,<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§   No. 3:14-cv-2366-N-BN<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Bernard Kirk Barnes has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an application for writ of mandamus. *See* Dkt. Nos. 3, 8, & 9. For the reasons explained below, the habeas petition should be dismissed, and the application for writ of mandamus should be denied.

**Background**

On June 3, 2014, Petitioner was a passenger in a vehicle that was stopped by Rockwall Police Officer Barrett Morris. During the traffic stop, Petitioner was placed under arrest for possession of a controlled substance, and he is currently detained at the Rockwall County Jail while he awaits trial.

On July 1, 2014, Petitioner filed this application for writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. No. 3. He filed an amended petition pursuant to the Court's order on July 22, 2014. *See* Dkt. No. 9. By these filings, Petitioner generally alleges that he is being unlawfully confined because the traffic stop and arrest were the result

of racial profiling. *See* Dkt. No. 9 at 2-3. He also requests that the Court issue a writ of mandamus so that the Rockwall Police Department preserves the video and audio recordings of the traffic stop and other recent traffic stops that he believes constitute evidence of racial profiling by Officer Morris. *See* Dkt. No. 8.

## Legal Standards

A pre-trial detainee may challenge the State's power and authority to bring him to trial and the constitutionality or lawfulness of his confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987). But, under the *Younger* abstention doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas,* No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (citing cases); *see also Younger v. Harris,* 401 U.S. 37, 43-45 (1971). The requirement that a petitioner prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44. The principles of comity and federalism inspired the policy of preventing federal courts from issuing injunctions or declaratory judgment while state court proceedings were ongoing. *See Kolski v. Watkins,* 544 F.2d 762, 766 (5th Cir. 1977). This restraint has been extended to writs of habeas corpus. *See id.* ("federal habeas relief prior to a pending state criminal trial is [no] different from the type of relief sought in *Younger*.").

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction

over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)) (internal citations omitted).

Under the federal mandamus statute, a district court has original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Courts lack the general power to issue writs of mandamus to direct state courts and state judges in the performance of their duties. *See Foley v. Texas,* No. 3:06-cv-2190-D, 2007 WL 603985, at *2 (N.D. Tex. Feb. 27, 2007) (citing *Moye v. Clerk, DeKalb Co. Superior Court,* 474 F.2d 1275, 1276 (5th Cir. 1973)) (federal court cannot direct state court or state judicial officer to perform an official act where mandamus is the only relief sought). Similarly, federal courts lack the general power "to direct [or compel] state officials in the performance of their duties and functions." *Noble v. Cain,* 123 F. App'x 151, 152 (5th Cir. 2005) (citing 28 U.S.C. § 1361 and *Moye,* 474 F.2d at 1275-76).

## Analysis

The Court should decline to exercise jurisdiction over this case pursuant to the *Younger* abstention doctrine and dismiss Petitioner's 28 U.S.C. § 2241 application. All prerequisites for abstention under *Younger* are met. There is an ongoing state judicial

criminal proceeding that Petitioner alleges is pending trial. *See* Dkt. No. 9 at 3. A determination by this Court that Petitioner's arrest was improper would interfere with the state criminal proceedings. And "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) (citing *Younger*, 401 U.S. at 41) ("under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). Finally, Petitioner has full opportunity to raise his constitutional challenges in the Texas state courts on direct appeal in the event of conviction or through a state habeas writ challenging his detention or conviction. *See DeSpain,* 731 F.2d at 1176. Petitioner reports that he has filed such a pre-trial writ. *See* Dkt. No. 9 at 4.

All three conditions of *Younger* are met in this matter. This Court may refuse to abstain if an exception applies, but no exception applies here. Thus, this Court should abstain from jurisdiction over Petitioner's claims in accordance with *Younger*.

The Court is also without legal authority to issue a writ of mandamus to order Respondent to preserve audio and video recordings of Petitioner's arrest or the arrests that Petitioner believes might establish a pattern of racial profiling by Officer Morris. *See Noble,* 123 F. App'x at 152. Accordingly, Petitioner's application for writ of mandamus should be denied.

## Recommendation

Petitioner's 28 U.S.C. § 2241 application should dismissed under the *Younger*

abstention doctrine, and his application for writ of mandamus [Dkt. No. 8] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 22, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE